C. C. JOHNSON *v.* J. L. WARD.

[59 South. 806.]

1. COURT STENOGRAPHERS. *Code 1906, section 4793. Penalties.*

A court stenographer is required to transcribe his official notes, and file the transcript thereof in the court, within the time prescribed, and his failure to do this renders him liable for the penalty provided in Code 1906, section 4793.

2. SAME.

But where on the trial of a case a part of the testimony was taken by the regular court stenographer who was taken sick and a stenographer was temporarily appointed who finished the taking of the testimony and who afterwards failed and refused to file a transcript of the part he had taken under the advice of counsel that he could not file a part of the record. In such case the statutory penalty should not be imposed.

APPEAL from the circuit court of Lauderdale county. HON. JOHN L. BUCKLEY, Judge.

Suit by C. C. Johnson against J. L. Ward. From a judgment for defendant, plaintiff appeals.

The facts in the case are fully stated in the opinion of the court.

*F. V. Brahan,* for appellant.

This appeal evokes a construction and decision of first impression, of section 4793 of the Code of 1906, which is as follows: Penalty for wilful neglect of duty:

''If the stenographer willfully neglects to perform any duty required of him by law, he shall be deemed guilty of a misdemeanor, and, on conviction thereof, may be fined not exceeding five hundred dollars, or imprisoned not more than six months; and, moreover, he shall be liable to a deduction from his salary at the rate of ten dollars for each day that he shall be in such default, which deduction shall be made by the court when it comes to audit and allow his salary, and in addition thereto he shall be liable on his bond to the party injured for all damages which may be sustained by reason of his neglect of duty. If any stenographer shall neglect or refuse to transcribe his official notes and to file such transcript within the time and in the manner required by law, or by order of the court or judge, he shall be liable upon his bond for a penalty in the amount of two hundred and fifty dollars, to be recovered by the party aggrieved thereby, whether the person aggrieved has suffered any actual damage or not.''

The statute to my mind is plain, of easy construction, meaning what it says, and saying what it means: ''If any stenographer shall neglect or refuse to transcribe his official notes and to file such transcript within the time and in the manner required by law, or by order of the court, or judge, he shall be liable upon his bond for a penalty in the sum of two hundred and fifty dollars to be recovered by the party aggrieved thereby, whether the person aggrieved has suffered any actual damage or not.''

The defendant Ward undertook to excuse himself of his neglect or refusal to transcribe and file with the clerk of the court his official notes taken of the testimony, on account of the failure of his assistant stenographer, S. J. Sloan, to transcribe and file that portion of the testimony taken by him, but, I submit that does not excuse him under this statute, even if that were true; but, the law was properly asked in plaintiff's number 1 instruc-

tion which was refused by the court and which is reversible error; said instruction is as follows:

"The court charges the jury for the plaintiff that it was the duty of the defendant Ward, as official court stenographer, to have transcribed and filed with the clerk of the court within the time provided by law, or the order of the court, that portion of the stenographic notes taken by himself, and the fact that Sloan did not file that portion taken by him does not excuse Ward from his obligation to perform his said duties."

*Cochran & McCants,* for appellees.

The sole question in this case is whether or not it was the duty of appellee Ward to file with the clerk of the court the portion of the testimony which he transcribed, and, further, if it was his official duty to file with the clerk of the court that portion of the testimony which he transcribed, would he be subject to the penalty provided in section 4793 of the Code.

There cannot reasonably be any contention made that appellee was in any way responsible for the neglect and default of the stenographer *pro tem,* to transcribe the testimony which he took. The stenographer *pro tem,* under the statute was, in the eyes of the law, the official stenographer of the court while acting as stenographer *pro tem.* It is, therefore, clear that the regular stenographer in this case is in no wise responsible for the default of the stenographer, *pro tem.*

It is clear from the statute that it contemplates notices to attorneys that he has transcribed and delivered to the clerk a complete record. It would have been the merest nonsense for the official stenographer under the facts of the instant case to notify the attorneys, as he is required to do under the statute, that he had filed with the clerk his transcribed notes of a portion of the testimony of a single witness. The very fact that the statute requires his official certificate settles that the statute has

in contemplation only a complete record. If the official stenographer had given notice to the attorneys and filed with the clerk the small portion of the testimony which he took and transcribed, it would have been of no benefit to the appellant.

The penalty of the statute applies only to a stenographer who shall neglect and refuse to transcribe his official notes. Under the undisputed facts in this case the official stenographer did transcribe that part of the official notes which he took during the trial of the case. We say that he did not neglect, if the law required him to do so, to file that portion of the testimony which he took.

" 'To neglect' and 'to omit' are not synonymous terms. There may be an omission to perform an act or condition which is altogether involuntary or inadvertent. To neglect is to 'omit by carelessness or design' (Webst. Dict.), not from necessity, and there can therefore be no possibility of neglecting to do that which cannot be done. *New York Guaranty & Indemnity Co.* v. *Gleason,* 53 How. Prac. (N. Y.) 122, 125.

"It is further objected that the return of the officer is insufficient, as it does not show that the justice could appoint two appraisers. The return states that the debtor neglected to appoint. If the word 'neglect' imports something more than the word 'omit,' it must be because it imports that the party had opportunity to do the thing which he omitted to do. *Johnson* v. *Huntington, 13* Conn. 47, 51, 52."

It may be apparent to the court that appellee did not neglect to do anything within the meaning of the law. He was in doubt as to his duties in the matter, and applied to a number of attorneys for counsel and advice, and with one accord they advised him that he had no right or authority, nor was it his duty, to file with the clerk an uncompleted transcript.

The statute is highly penal, and under well settled principles will not be extended to and applied to cases

not within its verbiage and spirit. Surely, no one can reasonably contend that the failure of the official stenographer to file with the clerk of the court the small part of the testimony which he took is within the verbiage and spirit of the statute.

The complete answer to the contentions of appellant's counsel is that if appellee Ward is liable for the penalty of twenty-five dollars, Sloan, the stenographer *pro tem.,* and who was the responsible cause of the failure of the appeal, is also liable for the penalty. We respectfully submit that the court properly instructed the jury; that the right result was reached, and that the judgment of the court below should be affirmed.

REED, J., delivered the opinion of the court.

The appellant sued to recover the statutory penalty of two hundred and fifty dollars, provided in section 4793 of the Code of 1906, for the failure of appellee Ward to transcribe and file his stenographic notes in the case of appellant versus the High Point Buggy Company.

It appears that the case named was reported partly by appellee Ward, the regular court stenographer, and partly by S. J. Sloan, stenographer *pro tempore.* Appellee Ward only reported the testimony of one witness, and perhaps not all of that witness' testimony. He was then taken ill, and S. J. Sloan, a duly appointed stenographer *pro termpore,* reported the balance of the testimony in the case. It appears that Ward was repeatedly requested to transcribe and file the official stenographic notes. His excuse for failure to do so is that he was unable to get Stenographer Sloan to transcribe and deliver his part of the notes. In answer to a question as to what effort he made to get Sloan to prepare his notes, appellee Ward said: "I saw him a number of times, and requested him to get them up. I insisted that he get the notes up. I offered to pay him to get them up. He would promise that he was going to get them up right

away, but he never would do so. I used every possible means that I knew of to get him to transcribe the notes, so that I could file the record, but all to no avail.'' He also said in excuse that he did not understand it to be his duty to file a transcript of a part of the notes taken by him until he was in a position to file all of the notes, which would be a complete record of the testimony. In answering, upon cross-examination, as to why he did not file the transcript of the notes taken by him, appellee Ward said: ''Well, because I did not think a part of a document or record could be filed at one time and another part at another; or, in other words, I did not think that it could be filed by piecemeal. I talked to one or two, or two or three, lawyers on that point, and I was advised that I could not file a part without filing the whole. The law says that a 'completed record must be filed, and my notes were not a completed record.''.

Section 4793 of the Code of 1906 provides a penalty for willful neglect of duty on the part of a court stenographer. The part of the section invoked in the present case is as follows: ''If any stenographer shall neglect or refuse to transcribe his official notes and to file such transcript within the time and in the manner required by law, or by order of the court or judge, he shall be liable upon his bond for a penalty in the amount of two hundred and fifty dollars, to be recovered by the party aggrieved thereby, whether the person aggrieved has suffered any actual damage or not.''

It is beyond question that a court stenographer is required to transcribe his official notes, and file the transcript thereof in the court, within the time prescribed, and that his failure to do this renders him liable for the penalty provided in the statute. Nothing said in this opinion must be construed to mean that the stenographer shall be relieved from liability by reason of his neglect and refusal to transcribe his notes and file the transcript thereof in due time. However, it is hardly probable that

the framer of section 4793, when writing, had in mind a case like the present one; that is, a case reported by the regular stenographer and a *pro tempore* stenographer, and where the second named stenographer reported the larger part of the testimony, and failed and refused to file the transcript of his notes.

The appellee Ward would have shown better judgment in transcribing and filing the notes taken by him when requested to do so, even though he had reported only a small part of the case. In view of all the facts of the instant case, however, and in view of the statement, made by appellee Ward, that he believed and was advised that he should not file a part only of the record of the testimony, but that he should file at one and the same time all of the record of the testimony, that reported by him and that reported by Stenographer Sloan, it would hardly be proper and in keeping with the spirit of the law to inflict upon him the penalty provided in the statute.

*Affirmed.*